FILED

2016 OCT 11   PM 3: 59

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

**PAMELA RICKS**                                    Case No.

                    **Plaintiff,**            3:16 cv 1291- J-32 MCR

**v.**

**LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,**

**A Foreign Corporation,**

                    **Defendant.**

## COMPLAINT

The Plaintiff, Pamela Ricks, by and through undersigned counsel, hereby files this

Complaint against LIBERTY LIFE ASSURANCE COMPANY OF BOSTON("LIBERTY

LIFE") and alleges:

### GENERAL ALLEGATIONS

1.      This is an action under the Employee Retirement  Income Security Act

(ERISA), 29 U.S.C.  §1001, et seq., specifically §1132 (a)(1)(b).

2.      This Court has jurisdiction pursuant to 28 U.S.C. §1331.

3.     Venue is proper in the United States District Court for the Middle District of Florida, where the breach of the employee benefits contract between the parties took place.

4.     At all times material hereto, Ms. Ricks was covered under a policy of long-term disability insurance through the Defendant LIBERTY LIFE.

5.     Defendant LIBERTY LIFE is a foreign corporation conducting insurance business in Duval County, Florida.

6.     At all times material hereto, Ms. Ricks was covered under an employee welfare benefit plan sponsored by her employer, which provided long-term disability insurance benefits through a policy of insurance benefits funded and administered by the Defendant LIBERTY LIFE as well as other valuable benefits.  A copy of the LIBERTY LIFE long-term disability insurance policy is attached hereto as Exhibit "A."

7.     The plan is an"employee welfare benefit plan" as defined by ERISA, 29 U.S.C. § 1002(1) and the policy of insurance which funds these benefits is both underwritten and administered by LIBERTY LIFE, which was a fiduciary of the employee benefits plan established by Plaintiff's employer and which may be sued under ERISA as an entity, pursuant to 29 U.S.C. § 1132(d)(1).

8.     Defendant LIBERTY LIFE makes the final decision to approve or deny claims under the policy of insurance providing benefits to Ms. Ricks and bore the ultimate responsibility for paying said claim for benefits, creating an inherent conflict of interest

between LIBERTY LIFE's duties to the plaintiff as an ERISA fiduciary and its duties to its shareholders as a for-profit corporation under federal law.

9. Defendant LIBERTY LIFE's decision to terminate benefits was substantially influenced by its conflict of interest.

10. Defendant LIBERTY LIFE has failed to apply the provisions of the insurance policy at issue consistently with respect to similarly situated claimants.

11. Defendant's notice of denial failed to comply with 29 CFR 2560.503-1(f) as well as the "full and fair review" provisions of ERISA.

12. Defendant's plan documents fail to comply with 29 CFR 2560.503-1 as well as the "full and fair review" provisions of ERISA.

13. Defendant has failed to comply with its own internal rules, guidelines, protocols, and/or other similar criteria relied upon in making the adverse determination referenced herein, failing to provide a copy of same to Plaintiff and failing to state that same will be provided upon request in its denial of Plaintiff's appeal as required by 29 CFR 2560.503-1(j).

14. In addition, the Defendant has failed to comply with the provisions of 29 CFR 2560.503-1(b), 29 CFR 2560.503-1(f), 29 CFR 2560.503-1(g), 29 CFR 2560.503-1(h), and 29 CFR 2560.503-1(I) in its administration of Plaintiff's claim.

15. Plaintiff has exhausted administrative remedies before filing this action or the

requirement that administrative remedies be exhausted before this action is filed has been

otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act,

or otherwise rendered unnecessary under the statutes, administrative regulations

promulgated by the Secretary of Labor, and/or common law regulating the Employee

Retirement Income Security Act of 1974, 29 U.S.C. 1001, et seq..

16.     A copy of this Complaint is contemporaneously filed with the Secretary of

Labor.

### COUNT ONE
### Action to Recover Plan Benefits
### Pursuant to 29 U.S.C. §1132 (a)(1)(B)
### Against LIBERTY LIFE

17.     Plaintiff realleges and reavers paragraphs 1 through 16 of this Complaint,

incorporating the same by reference as if specifically reinstated herein.

18.     Plaintiff was and is "disabled," as the term was defined in the long-term

disability insurance policy funded and administered by LIBERTY LIFE at all times material

hereto.

19.     Defendant LIBERTY LIFE has failed and refused to pay the Plaintiff sums

due pursuant to the long-term disability insurance policy funded and administered by

LIBERTY LIFE, at all times material hereto.

20.     Defendant LIBERTY LIFE has also subjected the Plaintiff to an unreasonable

claims process pursuant to 29 CFR 2560.503-1 and has denied benefits under the terms of

4

the plan.

21.     Plaintiff Ms. Ricks is accordingly entitled to present evidence of disability under

the de novo standard to this Honorable Court.

22.     Plaintiff Ricks is entitled to recover attorneys' fees authorized by 29 U.S.C.
§ 1132(g).

**WHEREFORE,** the Plaintiff  Ms. Ricks prays for relief from Defendant  LIBERTY

LIFE INSURANCE COMPANY OF AMERICA for benefits due pursuant to the contract

of long-term disability insurance funded by insurance premiums paid to Defendant under

the employee welfare benefit plan pursuant to 29 U.S.C.  § 1132(1)(B), plus interest, costs,

attorney' fees pursuant to 29 U.S.C.  § 1132 (g), and such other relief as the Court may deem

appropriate.

**COUNT TWO**
**Action to Clarify Right to Plan Benefits**
**Pursuant to 29 U.S.C.  §1132 (a)(1)(B)**
**Against LIBERTY LIFE**

23.     Plaintiff realleges and reavers paragraphs 1 through 16  of this Complaint,

incorporating the same by reference as if specifically restated therein.

24.     Ms. Ricks is entitled to long-term disability benefits under the disability

insurance plan which is the subject of this action.

25.     Defendant LIBERTY LIFE has denied that Plaintiff is entitled to long-term

5

disability insurance benefits under the disability insurance policy which is the subject of this action.

26.    Section 1132(a)(1)(B) specifically authorizes an action to clarify the plaintiff's rights to benefits subject to the terms of the contract for long-term disability insurance funded by insurance premiums paid to LIBERTY LIFE.

27.    Defendant LIBERTY LIFE has subjected the Plaintiff to an unreasonable claims process pursuant to 29 CFR § 2560.503-1.

28.    Plaintiff Ms. Ricks is entitled to a declaration that her long-term disability insurance benefits are payable under the disability insurance policy at issue, and is entitled to present evidence of her disability to this effect under the de novo standard.

29.    Plaintiff Ricks is entitled to recover attorney's fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE,** the Plaintiff Ms. Ricks prays for relief from Defendant LIBERTY LIFE ASSURANCE COMPANY OF BOSTON for reinstatement of benefits pursuant to the long-term disability insurance policy funded and administered by LIBERTY LIFE ASSURANCE COMPANY OF BOSTON pursuant to §1132 (a)(1)(B), together with any ancillary benefits to which she may be entitled as a result of the reinstatement of such benefits, plus interest, costs, attorney's fees as authorized by 29 U.S.C. §1132(g), and such other relief as the Court may deem appropriate.

Respectfully Submitted,

William S. Coffman/Jr. Esquire
Florida Bar No. 0188158
**COFFMAN LAW**
15436 N. Florida Avenue, Suite 103
Tampa, Florida 33613
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff

7